E-filing

1  Kevin R. Martin, SBN 176853
   kmartin@randicklaw.com
2  Patrick E. Guevara SBN 202727
   pguevara@randicklaw.com
3  RANDICK O'DEA & TOOLIATOS, LLP
   5000 Hopyard Road, Suite 400
4  Pleasanton, California  94588
   Telephone    (925) 460-3700
5  Facsimile    (925) 460-0969

6  Attorneys for Plaintiff Vallavista Corporation

7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO/OAKLAND DIVISION

11

12 | VALLAVISTA CORPORATION, a          | Case No.: C07-05360 PVT
    California corporation,
13 |                                    | COMPLAINT FOR TRADEMARK
                                          INFRINGEMENT, DILUTION, UNFAIR
14 |          Plaintiff,                | COMPETITION, AND INJUNCTIVE
                                          RELIEF
15 | vs.
                                          [DEMAND FOR JURY TRIAL]
16 | AMAZON.COM, INC., a Delaware
    corporation, TARGET
17 | CORPORATION, a Minnesota
    corporation, EBAGS, INC., a
18 | Colorado corporation, EMPORIUM
    LEATHER COMPANY, INC., a New
19 | Jersey corporation, doing business as
    ROYCE LEATHER, and FASHION
20 | HANDBAGS, INC., a Nevada
    corporation, doing business as BO
21 | BO BAGS,

22 |          Defendants.

23     Plaintiff Vallavista Corporation ("Plaintiff"), by and through its undersigned counsel, for

24 its Complaint against Defendants Amazon.com Inc., a Delaware corporation ("Amazon"), Target

25 Corporation, a Minnesota corporation ("Target"), eBags, Inc., a Colorado corporation ("eBags"),

26 Emporium Leather Company Inc., a New Jersey corporation doing business as ROYCE

27 LEATHER ("Royce"), and Fashion Handbags, Inc., a Nevada corporation, doing business as BO

28
                                                                                         1
COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION AND
INJUNCTIVE RELIEF
152849_6

BO BAGS ("Bo Bo Bags") (collectively "Defendants") states the following:

## I. PARTIES

1. Plaintiff is a corporation organized under the laws of the State of California, with its principal place of business located at 3541 Wilkinson Lane, Lafayette, California 94549.

2. Upon information and belief, Amazon is a corporation organized under the laws of the State of Delaware and is conducting systematic and continuous business in California through its website: http://www.amazon.com and other interactions.

3. Upon information and belief, Target is a corporation organized under the laws of the State of Minnesota and is conducting systematic and continuous business through its more than 200 store locations in California and through its website: http://www.target.com and other interactions.

4. Upon information and belief, eBags is a corporation organized under the laws of the State of Colorado and is conducting systematic and continuous business in California through its website: http://www.ebags.com and other interactions.

5. Upon information and belief, Royce is a corporation organized under the laws of the State of New Jersey and is conducting systematic and continuous business in California through its website: http://www.royceleathergifts.com/, http://www.amazon.com, http://www.ebags.com and other interactions.

6. Upon information and belief, Bo Bo Bags is a corporation organized under the laws of the State of Nevada and is conducting systematic and continuous business in California through websites such as http://www.amazon.com, http://www.ebags.com, http://www.shoebuy.com, and other interactions.

## II. JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Trademark Act of 1946), 15 U.S.C. § 1114 (registration of a mark is prima facie evidence of its validity), 15 U.S.C. § 1125 (false designation of origin and dilution), 28 U.S.C. 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. 1338(b)

(pendent unfair competition claims) and 28 U.S.C. § 1332(a) (diversity of citizenship). The amount in question herein exceeds $75,000.

8. Under 28 U.S.C. § 1391(a), venue is proper in the Northern District of California because a substantial part of the events giving rise to this action occurred here.

### III. INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R.. 3-2(d), assignment to either the San Francisco Division or Oakland Division is proper because a substantial part of the events giving rise to this action occurred in Contra Costa County, California.

### IV. ALLEGATIONS COMMON TO ALL COUNTS

10. This is an action for trademark infringement, dilution, and false designation of origin under the Trademark Act of 1946 (also known as The Lanham Act, 15 U.S.C. § 1051 *et seq.*) and unfair competition under California Business & Professions Code Section 17200 *et seq.* and the common law based on the Defendants' use of the name and mark TAXI WALLET® and other unlawful activities conducted by Defendants in connection with such use.

11. Plaintiff is the owner of United States Trademark Registration No. 2,008,495 issued on October 15, 1996, for TAXI WALLET® (the design plus words, letters and/or numbers) used in connection with the sale of wallets, coin wallets, billfolds, credit card wallets, coin purses, change purses, coin pocket billfolds and business card wallets (collectively "Wallets") in International Class 018. A true and correct copy of the U.S. Patent and Trademark certificate of trademark registration is attached hereto and incorporated herein by reference as Exhibit A ("Registration").

12. The Registration is in full force and effect and uncancelled. The Registration is incontestable and thus constitutes conclusive evidence of the validity of the TAXI WALLET® mark, Plaintiff's ownership thereof, and its exclusive right to use the TAXI WALLET® mark throughout the United States.

13. The mark TAXI WALLET® is inherently distinctive when used in connection with Plaintiff's Wallets.

14. Continuously since on or about July 6, 1988, Plaintiff has been and now is extensively engaged in the business of selling Wallets under the mark TAXI WALLET throughout the United States. As a result of the widespread use and display of the TAXI WALLET trademark, the public and the trade use them to identify and refer to Plaintiff's products, the public and trade recognize that such designations refer to a high quality product emanating from a single source, and said trademark has built up secondary meaning and extensive goodwill. Together, plaintiffs registered trademark TAXI WALLET® and common law word mark TAXI WALLET are referred to as "Marks."

15. Plaintiff has also created a distinctive design for Wallets sold under the Marks. Plaintiff's unique design is illustrated in the drawings attached hereto and incorporated herein by reference as <u>Exhibit B</u> ("Trade Dress").

16. Plaintiff's Trade Dress is not essential to the functionality of Wallets and does not affect the quality or cost of Wallets.

17. Continuously since on or about July 6, 1988, Plaintiff has been and now is extensively engaged in the business of selling Wallets under the Marks and Trade Dress.

18. The Marks are used extensively on and in connection with the sales of Plaintiff's Wallets, including the packaging, promotional and marketing materials, and advertising on the Internet.

19. Plaintiff has extensively promoted and marketed its Wallets nationwide through various forms of media, including the Internet, in connection with the Marks and Trade Dress.

20. As a result of such promotional and marketing efforts, and the inherent quality of Plaintiff's Wallets, the Marks and Trade Dress have become widely and favorably known, have become symbols of Plaintiff's goodwill, and have acquired distinctiveness and secondary meaning.

21. Plaintiff has continuously and vigorously preserved the strength of the Marks and Trade Dress and has actively guarded against infringement.

22. Notwithstanding Plaintiff's continuous and exclusive use of and prior rights in the

Marks, Defendants have sought to compete unfairly with Plaintiff by using the Marks on and in connection with selling Wallets.

23. In addition to the misappropriation of the Marks, Plaintiff is informed and believes that Defendants may have misappropriated other marks of Plaintiff. As such, this Complaint may be amended to include additional claims.

## V. CLAIMS FOR RELIEF
## COUNT ONE: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

**As to All Defendants**:

24. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Defendants have used designations identical or substantially similar to the Marks for the sale, offer for sale, advertisement, or promotion of Wallets.

26. Defendants' use of designations identical or substantially similar to the Marks, as described herein, is without permission or authority of Plaintiff and is likely to cause confusion and mistake or to deceive consumers as to the source or origin of goods. Defendants actions described herein constitutes infringement of Plaintiff's federally-registered trademark in violation of Lanham Act Section 32, 15 U.S.C. § 1114.

27. Upon information and belief, Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill in its federally registered TAXI WALLET® trademark. Plaintiff has no other adequate remedy at law.

28. By the reason of Defendants activities described herein, Plaintiff is entitled to injunctive relief against all Defendants restraining further acts of infringement, to attorneys fees, and trebled damages caused by Defendants' infringement of Plaintiff's TAXI WALLET® trademark.

**As To Defendant Bo Bo Bags**:

29. Bo Bo Bags is a merchant in the business of selling leather goods in the United

States and in competition with Plaintiff.

30. Bo Bo Bags has sold and continues to sell in interstate commerce wallets designated as a "Taxi Wallet" with designs identical or confusingly similar to Plaintiff's Trade Dress through electronic commerce websites such as http://www.amazon.com and http://www.ebags.com.

31. Plaintiff has not given Bo Bo Bags any authorization to use the Marks or the Trade Dress.

32. Bo Bo Bags' actions described herein are likely to cause confusion and mistake or to deceive consumers as to the source or origin of goods.

33. Upon information and belief, Bo Bo Bags' acts described herein have been malicious, deliberate, willful, intentional, and in bad faith, committed with full knowledge and conscious disregard of Plaintiff's prior and superior rights in the Marks and Trade Dress and with an intent to trade on Plaintiff's substantial goodwill in the Marks and Trade Dress. Therefore, this is an exceptional case pursuant to Lanham Act Section 35(a), 15 U.S.C. § 1114.

**As To Defendant Royce:**

34. Royce is a merchant in the business of selling leather goods in competition with Plaintiff.

35. Royce has sold and continues to sell in interstate commerce wallets designated as a "Taxi Wallet" with designs identical or confusingly similar to Plaintiff's Trade Dress through its own electronic commerce website http://www.royceleathergifts.com/ and through other electronic commerce websites such as http://www.amazon.com and http://www.send.com.

36. Plaintiff has not given Royce any authorization to use the Marks or the Trade Dress.

37. On May 30, 2007, Plaintiff sent a letter to Royce demanding that it cease and desist all use of the TAXI WALLET® mark, Trade Dress, or any other name or mark confusingly similar to the TAXI WALLET® mark or Trade Dress.

38. On July 13, 2007, Royce, through its attorney, acknowledged receipt of Plaintiff's

6

cease and desist demands but did not agree to comply.

39. Despite receiving notice of its infringement of Plaintiff's TAXI WALLET® mark and Trade Dress, Royce continues to sell, in interstate commerce, wallets identical in style and design to Plaintiff's Trade Dress that are packaged and labeled as "Taxi Wallet" or "Royce Leather Taxi Wallet". These actions are likely to cause confusion and mistake or to deceive consumers as to the source or origin of goods.

40. Upon information and belief, Royce's acts described herein have been malicious, deliberate, willful, intentional, and in bad faith, committed with full knowledge and conscious disregard of Plaintiff's prior and superior rights in the Marks and Trade Dress and with an intent to trade on Plaintiff's substantial goodwill in the Marks and Trade Dress. Therefore, this is an exceptional case pursuant to Lanham Act Section 35(a), 15 U.S.C. § 1114.

**As to Defendant Target:**

41. As recent as May 16, 2007, Target was advertising and selling wallets called "Isaac Mizrahi for Target Taxi Wallet with Turn Lock".

42. Plaintiff has not given Target any authorization to use the Marks.

43. On May 22, 2007, Plaintiff sent a letter to Target protesting its infringement of the mark TAXI WALLET® in connection with the promotion and sale of wallets.

44. On May 31, 2007, Plaintiff received a response letter from Target indicating that it removed the word "taxi" from the website http://www.target.com.

45. On or about September 28, 2007, counsel for Plaintiff browsed the website http://www.target.com and conducted a website search using the keyword "taxi wallet". This search resulted links to purchase directly online the same wallets that Target formerly designated as "Isaac Mizrahi for Target Taxi Wallet with Turn Lock."

46. Upon information and belief, Target is using "taxi wallet" as a keyword in its website to sell, offer for sale, promote and advertise Wallets that do not originate from Plaintiff.

47. Target's acts described herein are not authorized by Plaintiff and are likely to cause confusion and mistake or to deceive consumers as to the source or origin of goods.

48. Upon information and belief, Target's acts described herein have been malicious, deliberate, willful, intentional, and in bad faith, committed with full knowledge and conscious disregard of Plaintiff's prior and superior rights in the Marks and with an intent to trade on Plaintiff's substantial goodwill in the Marks. Therefore, this is an exceptional case pursuant to Lanham Act Section 35(a), 15 U.S.C. § 1114.

**As to Defendant Amazon:**

49. Amazon operates retail electronic commerce websites for nationwide businesses such as Target, the NBA, Sears Canada, Sears UK, Benefit Cosmetics, Bebe Stores, Timex Corporation, Marks & Spencer, Mothercare, Bombay Company and others.

50. Upon information and belief, Amazon has used and is using "taxi wallet" as a search keyword in its website to sell, offer for sale, promote and advertise Wallets that do not originate from Plaintiff and are designated with the Marks.

51. On or about March 19, 2007, Plaintiff notified Amazon of the infringing products sold on the Amazon.com website and demanded that Amazon cease sales of such products.

52. On or about October 8, 2007, counsel for Plaintiff browsed the website http://www.amazon.com and conducted a website search using the keyword "taxi wallet". This search resulted links to purchase Wallets designated with the Marks that did not originate from Plaintiff adjacent to links that sell Plaintiff's authentic TAXI WALLET goods.

53. Amazon's acts described herein are not authorized by Plaintiff and are likely to cause confusion and mistake or to deceive consumers as to the source or origin of goods.

54. Upon information and belief, Amazon's acts described herein have been malicious, deliberate, willful, intentional, and in bad faith, committed with full knowledge and conscious disregard of Plaintiff's prior and superior rights in the Marks and with an intent to trade on Plaintiff's substantial goodwill in the Marks. Therefore, this is an exceptional case pursuant to Lanham Act Section 35(a), 15 U.S.C. § 1114.

**As to Defendant eBags:**

55. eBags operates a retail electronic commerce website selling bags, luggage, travel

8

COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION AND INJUNCTIVE RELIEF
152849_6

accessories, and wallets.

56. Upon information and belief, eBags has used and is using "taxi wallet" as a search keyword in its website to sell, offer for sale, promote and advertise Wallets that do not originate from Plaintiff.

57. On or about October 10, 2007, counsel for Plaintiff browsed the website http://www.ebags.com and conducted a website search using the keyword "taxi wallet". This search resulted links to purchase Wallets designated with the Marks that did not originate from Plaintiff. The eBags.com website offered for sale Wallets that are designed exactly or confusingly similar to Plaintiff's Trade Dress and designated "Perlina Taxi Wallet," "Bo Bo Bags Turbo Diesel Italian Taxi Wallet," "Tony Perotti Prima Traditional Taxi Wallet," or "Bo Bo Bags Italian Taxi Wallet."

58. Upon information and belief, eBags has sold and is selling Wallets that originate from Defendant Bo Bo Bags.

59. eBags' acts described herein are not authorized by Plaintiff and are likely to cause confusion and mistake or to deceive consumers as to the source or origin of goods.

60. Upon information and belief, eBags' acts described herein have been malicious, deliberate, willful, intentional, and in bad faith, committed with full knowledge and conscious disregard of Plaintiff's prior and superior rights in the Marks and with an intent to trade on Plaintiff's substantial goodwill in the Marks. Therefore, this is an exceptional case pursuant to Lanham Act Section 35(a), 15 U.S.C. § 1114.

**COUNT TWO: UNFAIR COMPETITION AND FALSE DESIGNATION
OF ORIGIN UNDER 15 U.S.C. § 1125(a)
(AS TO ALL DEFENDANTS)**

61. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. By engaging in the acts described herein, Defendants have made and are making false, deceptive, and misleading statements constituting unfair competition, false representations,

9
COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION AND INJUNCTIVE RELIEF
152849_6

false designations of origin, and false advertising made in connection with goods distributed in interstate commerce in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

63. Upon information and belief, Defendants' acts described herein have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its trademarks, trade dress, and trade names. Plaintiff has no other adequate remedy at law.

64. By the reason of Defendants' acts described herein, Plaintiff is entitled to injunctive relief against all Defendants restraining further acts of unfair competition, false representations, false designations of origin, and false advertising, to attorneys fees, and trebled damages caused by Defendants' unlawful actions.

### COUNT THREE: TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(C)
### (AS TO ALL DEFENDANTS)

65. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66. Plaintiff's Marks are highly recognized and widely used in interstate commerce in the United States.

67. Plaintiff's Marks are "famous" as defined in 15 U.S.C. § 1125(c)(1) for the reasons stated above.

68. Defendants used designations identical or substantially similar to Plaintiff's Marks in interstate commerce after Plaintiff's Marks became famous.

69. The acts of Defendants as described herein are commercial uses that dilute and tarnish Plaintiff's Marks in violation of the Federal Trademark Dilution Act of 1996, 15 U.S.C. § 1125(c).

70. By the reason of Defendants' acts described herein, Plaintiff is entitled to injunctive relief against all Defendants restraining further acts of dilution, to attorneys fees, and trebled damages caused by Defendants' dilution of the Marks.

## COUNT FOUR: COMMON LAW UNFAIR COMPETITION
### (AS TO ALL DEFENDANTS)

71. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72. Defendants' acts described herein constitute unfair competition within the State of California and are in violation of California law.

73. Upon information and belief, Defendants' unfair competition have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its trademarks, trade dress, and trade names. Plaintiff has no other adequate remedy at law.

74. By the reason of Defendants' acts described herein, Plaintiff is entitled to injunctive relief against all Defendants restraining further acts of unfair competition, to attorneys fees, and damages caused by Defendants' unlawful actions.

## COUNT FIVE: UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 *ET SEQ.*
### (AS TO ALL DEFENDANTS)

75. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76. Defendants' activities as stated herein constitute false advertising and unfair and deceptive acts and practices in the conduct of its trade and business in violation of the California Business and Professions Code Section 17200 *et seq*.

77. Upon information and belief, Defendants' wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its trademarks, trade dress, and trade names. Plaintiff has no other adequate remedy at law.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff prays for judgment to be entered in its favor and against Defendants, jointly and severally, as follows:

a.  That Defendants, their agents, servants, employees, representatives, attorneys subsidiaries, related companies, successors, assigns, and all others in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from using in any manner the TAXI WALLET® or TAXI WALLET marks, any colorable imitation of the Marks, or any mark, name, or designation confusingly similar to the Marks in connection with the sales, advertising or promotion of goods that do not originate from Plaintiff.

b.  That Bo Bo Bags, Royce, their agents, servants, employees, representatives, attorneys subsidiaries, related companies, successors, assigns, and all others in active concert or participation with the defendants referenced in this paragraph, be preliminarily and permanently enjoined and restrained from using in any manner Plaintiff's Trade Dress, any colorable imitation of Plaintiff's Trade Dress, or any design confusingly similar to Plaintiff's Trade Dress.

c.  That Defendants, their agents, servants, employees, representatives, attorneys subsidiaries, related companies, successors, assigns, and all others in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from unfairly competing with Plaintiff, from engaging in unfair and deceptive trade practices, and from injuring Plaintiff's goodwill or business reputation;

d.  That Defendants, their agents, servants, employees, representatives, attorneys subsidiaries, related companies, successors, assigns, and all others in active concert or participation with Defendants, be ordered to take affirmative steps to dispel any and all false impressions that have been created by Defendants' use of designations, names, marks, or designs identical or confusingly similar to Plaintiff's Marks and Trade Dress.

e.  That Defendants be ordered to deliver up for impoundment during the pendency of this action all products, fixtures, writings, signage, artwork, nameplates, labels, advertisements, and other materials incorporating or reproducing Plaintiff's Marks and Trade Dress;

f.  That Defendants, upon final disposition of this matter, destroy all products, fixtures, writings, signage, artwork, nameplates, labels, advertisements, and other materials

12

COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION AND INJUNCTIVE RELIEF
152849_6

incorporating or reproducing the infringement on Plaintiff's Marks or Trade Dress, pursuant to Lanham Act Section 36 (15 U.S.C. § 1118), Section 17200 *et seq.* of the California Business and Professions Code, and the equitable power of this Court to enforce the laws of the State of California.

    g.    That Defendants be required to account to Plaintiff for any and all money, profits and advantages wrongfully received by Defendants, including any and all profits derived from the sale of goods bearing or sold under the infringing marks and trade dress, and interest thereon;

    h.    That Plaintiff be awarded its damages in an amount to be determined at trial;

    i.    That Plaintiff's recovery be trebled pursuant to Lanham Act Section 35, 15 U.S.C. § 1117;

    j.    That Plaintiff be awarded punitive damages pursuant to the laws of the State of California in view of Defendants' intentional and willful infringement and unfair competition;

    k.    That Plaintiff be awarded attorneys' fees, expenses and costs incurred in this action pursuant to Lanham Act Section 35, 15 U.S.C. § 1117; and

    l.    For such other and further relief as may be just and equitable.

## VI. JURY DEMAND

Plaintiff hereby requests a jury trial for all claims and causes of action triable by jury.

Respectfully Submitted,

Date: October 18, 2007          RANDICK O'DEA & TOOLIATOS, LLP

By: _____
      Patrick E. Guevara

Attorneys for Plaintiff Vallavista Corporation

COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION AND INJUNCTIVE RELIEF

152849_6

13

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22 and 41

United States Patent and Trademark Office

Reg. No. 2,008,495
Registered Oct. 15, 1996

## TRADEMARK
PRINCIPAL REGISTER



VALLAVISTA CORPORATION (CALIFORNIA CORPORATION)
3431 BLACKHAWK PLAZA CIRCLE
DANVILLE, CA 94506

FOR: WALLETS, COIN WALLETS, BILLFOLDS, CREDIT CARD WALLETS, COIN PURSES, CHANGE PURSES, COIN POCKET BILLFOLDS, BUSINESS CARD WALLETS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 7-6-1988; IN COMMERCE 7-29-1988.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WALLET", APART FROM THE MARK AS SHOWN.

SER. NO. 75-018,738, FILED 11-9-1995.

GEORGE LORENZO, EXAMINING ATTORNEY



EXHIBIT
A

